UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LENK,<br><br>             Plaintiff,<br><br>        v.<br><br>SACKS, RICKETTS, AND CASE LLP,<br><br>             Defendant. | Case No.  19-cv-03791-BLF<br><br>**ORDER VACATING HEARING ON MOTION TO DISMISS FILED BY DEFENDANT SACKS, RICKETTS, AND CASE LLP; GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE**<br><br>[Re:  ECF 66] |

Plaintiff Kenneth Lenk ("Lenk") filed this lawsuit against his former employer, Monolithic Power Systems, Incorporated ("MPS"); his former supervisor at MPS, Maurice Sciammas ("Sciammas"); and the law firm that represented MPS and Sciammas in prior litigation between the parties, Sacks, Ricketts & Case LLP ("SRC").  On February 10, 2020, the Court issued an order ("Prior Order") granting a motion to dismiss brought by MPS and Sciammas, without leave to amend.  *See* Prior Order, ECF 55.  The remaining defendant, SRC, subsequently filed a motion to dismiss which is set for hearing on June 4, 2020.  *See* Motion to Dismiss, ECF 66.  Lenk has not opposed SRC's motion.  The Court finds the motion to be appropriate for decision without oral argument, and it therefore VACATES the hearing.  *See* Civ. L.R. 7-1(b).

SRC's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND for the reasons discussed below.  All defendants having been dismissed, the action is DISMISSED WITH PREJUDICE.

**I.     BACKGROUND**

This case has a somewhat complicated procedural history.  Although the Court has discussed this history at length in prior orders, the Court finds it prudent to set forth the relevant facts in full here given that this order dismisses Lenk's action with prejudice.

Lenk, proceeding *pro se*, has filed two prior lawsuits against his former employer, MPS. The Court summarizes those lawsuits and then turns to the facts alleged in the present suit.

*Lenk I, Case No. 15-cv-01148-NC*

In March 2015, Lenk sued MPS in the United States District Court for the Northern District of California ("*Lenk I*"), alleging wrongful constructive termination of his employment and related claims under federal and state law. *See Lenk v. Monolithic Power Systems, Inc.*, Case No. 15-cv-01148-NC. He filed a first amended complaint as of right and a second amended complaint with leave of court. *See* FAC, ECF 35 in *Lenk I*; SAC, ECF 54 in *Lenk I*.

Lenk alleged that he began working for MPS as a marketing director in March 2012, reporting to Sciammas. SAC ¶ 8, ECF 54 in *Lenk I*. Lenk claimed that he enjoyed normal employment until early 2013, when he began to suffer adverse employment actions, including non-payment of a bonus, non-payment of business expenses, harassment, and reduction of duties. *Id.* ¶¶ 9-10. Lenk asserted that he was constructively discharged as of March 14, 2013. *Id.* ¶ 11. Following motion practice, Magistrate Judge Nathanael M. Cousins dismissed the third amended complaint without leave to amend and entered judgment for MPS and against Lenk. *See* Order Granting Motion to Dismiss the TAC, ECF 87 in *Lenk I*; Judgment, ECF 88 in *Lenk I*.

*Lenk II, Case No. Case No. 16-cv-02625-BLF*

In May 2016, Lenk filed a second suit against MPS in the United States District Court for the Northern District of California ("*Lenk II*"), again alleging wrongful constructive discharge. *See Lenk II*. The second suit also named as a defendant Lenk's former supervisor, Sciammas. *See id.* Lenk alleged that he was hired by MPS as a marketing manager in March 2012, and that he experienced normal employment through December 2012. *See* Compl. ¶¶ 8-11, ECF 1 in *Lenk II*. He claimed that in December 2012, he filed a complaint against his former employer, Freescale Semiconductor, after which "there was an abrupt and significant change of attitude from MPS and manager Sciammas toward Plaintiff." *Id.* ¶¶ 13-15. Lenk alleged that he began to suffer adverse employment actions, including non-payment of a bonus, non-payment of business expenses, harassment by Sciammas, and reduction in duties. *Id.* ¶ 17. Following motion practice, the undersigned judge dismissed Lenk's complaint without leave to amend as barred by *res judicata*,

declined to exercise supplemental jurisdiction over the counterclaim, and entered judgment in favor of MPS and Sciammas and against Lenk. *See* Orders Adopting R&Rs, ECF 76 & 82 in *Lenk II*; Judgment, ECF 84 in *Lenk II*. The Court also granted in part MPS's motion for attorneys' fees and costs in the amount of $17,665.74. *See* Order Granting In Part, ECF 124 in *Lenk II*.

On appeal, the United States Court of Appeals for the Ninth Circuit affirmed the judgment, stating that "[t]he district court properly dismissed Lenk's action on the basis of claim preclusion because the claims were raised or could have been raised in a prior action between the parties or those in privity with them, and the prior action resulted in a final judgment on the merits." *Lenk v. Monolithic Power Sys., Inc.*, 754 F. App'x 554, 556 (9th Cir. 2018). The Ninth Circuit also found that "[t]he district court did not abuse its discretion by denying leave to amend the complaint because amendment would have been futile." *Id.*

*Lenk III (present case), Case No. 19-cr-03791-BLF*

On March 26, 2018, Lenk filed the present suit in the United States District Court for the District of Arizona ("*Lenk III*"). *See* Compl., ECF 1. He once again sued MPS and Sciammas, and also added claims against SRC, the law firm that represented MPS and Sciammas in *Lenk I* and *Lenk II*. *See id.* The Arizona district court granted Defendants' motion to change venue and transferred the case to the Northern District of California. *See* Order Granting Motion to Change Venue, ECF 22. Lenk filed a Motion for Recusal under 28 U.S.C. § 455, asserting bias of this Court. *See* Motion for Recusal, ECF 39. The recusal motion was reassigned to Judge Lucy H. Koh, who denied it. *See* Order Denying Plaintiff's Motion for Recusal, ECF 46.

Lenk once again asserts that he was wrongfully constructively discharged from his employment with MPS. *See* Compl. ¶ 18, ECF 1. He repeats the now-familiar allegations that he was hired by MPS in March 2012, experienced normal employment through December 2012, and experienced "an abrupt and significant change of attitude from MPS and manager Sciammas" after filing a complaint against his former employer, Freescale Semiconductor. Compl. ¶¶ 9-13. At that point, Lenk allegedly began to suffer adverse employment actions, including non-payment of a bonus and non-payment of business expenses, which ultimately culminated in his constructive discharge. Compl. ¶¶ 18-19.

3

1  Lenk also adds new allegations against MPS, Sciammas and SRC based on their litigation conduct in *Lenk I* and *Lenk II*. According to Lenk, Defendants "deprived Lenk of his rights for a fair and just recovery to the retaliatory actions by MPS/Sciammas in violation of Title VII and 42 USC 1981." Compl. ¶ 22, ECF 1. MPS, Sciammas, and SRC allegedly acted unlawfully throughout the litigation of *Lenk I* and *Lenk II*, for example by avoiding service of process and committing fraud on the court. Compl. ¶¶ 25-53. Lenk contends that MPS sought attorneys' fees in *Lenk II* for the purpose of harming him financially and dissuading other employees from asserting their rights. Compl. ¶ 55. Lenk claims that "[t]he delay tactics and actions by Defendant(s) have produced two judgments against Lenk." Compl. ¶ 70. "These judgments appear in background checks and used for hiring decisions." *Id*.

Lenk's complaint contains the following claims: (1) Title VII – Retaliation (against MPS); (2) Deprivation of Civil Rights under 42 U.S.C. § 1981 (against MPS, Sciammas, and SRC); (3) Deprivation of Civil Rights under 42 U.S.C. § 1983 (against MPS, Sciammas, and SRC); (4) Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 (against MPS, Sciammas, and SRC); and (5) Intentional and Negligent Infliction of Emotional Distress (against MPS, Sciammas, and SRC). Compl., ECF 1.

The Court denied a motion for leave to amend the complaint brought by Lenk and granted a motion to dismiss brought by MPS and Sciammas, without leave to amend. *See* Prior Order, ECF 55. SRC now seeks dismissal of the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss, ECF 66. Lenk's has not opposed the motion. In light of Lenk's *pro se* status and the impact of the COVID-19 virus, the Court has waited nearly two months after expiration of Lenk's deadline for opposition before issuing this order. The Court has confirmed with the Clerk's Office staff that mail is being received and opened, and that if Plaintiff had submitted any documents they would have been docketed.

**II.  LEGAL STANDARD**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted).

4

While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. DISCUSSION

SRC is named as a defendant in Claim 2 (Deprivation of Civil Rights under § 1981), Claim 3 (Deprivation of Civil Rights under § 1983), Claim 4 (Conspiracy to Interfere with Civil Rights under § 1985), and Claim 5 (Intentional and Negligent Infliction of Emotional Distress). SRC argues that these claims are subject to dismissal on the following grounds: Claims 2, 3, and 4 are barred by the *Noerr-Pennington* doctrine; Claims 2, 3, and 4 fail to state claim upon which relief may be granted; Claim 5 is barred by California's litigation privilege, California Civil Code §47(b); and Claim 5 fails to state a claim upon which relief may be granted.

### A. Claim 2 (§ 1981), Claim 3 (§ 1983), and Claim 4 (§ 1985)

SRC asserts that Claims 2, 3, and 4 – civil rights claims brought under 42 U.S.C. §§ 1981, 1983, and 1985, respectively – are barred by the *Noerr-Pennington* doctrine and fail to state claims upon which relief may be granted. The Court addresses these arguments in turn.

#### 1. *Noerr-Pennington* Doctrine

"The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances.'" *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (quoting U.S. Const. amend. I). "Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Id.* The doctrine has

been held "to apply to defensive pleadings, because asking a court to deny one's opponent's petition is also a form of petition." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005).

SRC's alleged liability is based entirely on SRC's petitioning activity on behalf of its clients. For example, Lenk alleges that SRC attempted to discredit him before the Court, Compl. ¶ 25; interfered with the operation of justice by engaging in litigation misconduct, Compl. ¶ 27; filed motions to relate cases and delay adjudication, Compl. ¶ 28; refused to waive service of process, Compl. ¶ 29; and filed a fees motion to harm Lenk, Compl. ¶ 55. Thus, Lenk's claims appear to fall squarely within the *Noerr-Pennington* doctrine. The Ninth Circuit expressly has applied the *Noerr-Pennington* doctrine to bar claims against law firms and attorneys based on litigation conduct that was not objectively baseless. *See Patel v. DeCarolis*, 701 F. App'x 590, 592 (9th Cir. 2017) ("The district court properly determined that defendant law firm Buter, Buzard, Fishbein & Royce, LLP, and defendant Royce, are immune from liability under the *Noerr-Pennington* doctrine because Patel failed to allege facts sufficient to show that defendants' state court litigation was objectively baseless.").

SRC's motion to dismiss Claims 2, 3, and 4 as barred by the *Noerr-Pennington* doctrine is GRANTED.

### 2. Failure to State a Claim

In addition to being barred by the *Noerr-Pennington* doctrine, Lenk's civil rights claims are subject to dismissal for failure to allege sufficient facts.

#### a. Claim 2 – § 1981

Section 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race

1  by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in
2  the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mercer v. Sw.*
3  *Airlines Co.*, No. 13-CV-05057-MEJ, 2014 WL 4681788, at *7 (N.D. Cal. Sept. 19, 2014)
4  (quotation marks and citation omitted). The plaintiff also must show intentional racial
5  discrimination. *Id*. The complaint does not allege that Lenk is a member of a racial minority or
6  discrimination on the basis of race. The § 1981 claim thus is subject to dismissal.

          **b.**      **Claim 3 – § 1983**

8  "Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory
9  challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir.
10  2015) (quotation marks and citation omitted). "To state a claim under § 1983, a plaintiff [1] must
11  allege the violation of a right secured by the Constitution and laws of the United States, and [2]
12  must show that the alleged deprivation was committed by a person acting under color of state
13  law." *Id*.
14  As SRC states in its motion, the complaint does not allege that it is a state actor. To the
15  contrary, it appears from the face of the complaint that SRC is a private law firm. The § 1983
16  claim therefore is subject to dismissal.

          **c.**      **Claim 4 – § 1985**

18  In Claim 4, brought under 42 U.S.C. § 1985, Lenk alleges "obstruction of justice actions
19  by MPS in conspiracy with Sciammas and/or SRC." Compl. ¶ 106. Section 1985 contains three
20  subsections, each addressing a different type of misconduct. Subsection (1) addresses conduct that
21  prevents an officer from performing duties; subsection (2) addresses conduct that prevents access
22  to federal or state courts; and subsection (3) addresses conspiracies to deprive persons of rights or
23  privileges. 42 U.S.C. § 1985. Claim 4 does not specify which subsection is asserted. However,
24  Claim 4 is titled "Conspiracy to Interfere with Civil Rights." Accordingly, the Court understands
25  Claim 4 to be asserted under § 1985(3), which addresses conspiracies to deprive persons of rights.
26  Section 1985(3) "prohibits conspiracies 'for the purpose of depriving, either directly or
27  indirectly, any person or class of persons of the equal protection of the laws[.]'" *Holgate v.*
28  *Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting 42 U.S.C. § 1985(3)). "The original purpose

of § 1985(3), which was passed as the Ku Klux Klan Act of 1871, was to enforce the rights of African Americans and their supporters." *Id*. Section 1985(3) has been extended "to protect non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection." *Id*. (internal quotation marks and citation omitted). Lenk does not allege that he belongs to a protected class. Claim 4 therefore fails to state a claim.

### d. Civil Rights Claims Fail to Allege Sufficient Facts

Based on the deficiencies identified above, Lenk's civil rights claims asserted under 42 U.S.C. §§ 1981, 1983, and 1985(3) are subject to dismissal for failure to allege the requisite elements of those claims. In addition, the Court finds Lenk's theory of liability under the civil rights statutes to be wholly implausible. Lenk has alleged no facts suggesting that SRC's conduct in defending its clients against two lawsuits brought by Lenk was motivated by a discriminatory or retaliatory animus. All of the litigation conduct described by Lenk – filing motions, seeking attorneys' fees for meritless litigation, and generally defending against the lawsuits – is routinely undertaken by law firms on behalf of their clients.

SRC's motion to dismiss Claims 2, 3, and 4 is GRANTED for failure to state a claim upon which relief may be granted.

### B. Claim 5 (Emotional Distress)

SRC argues that Claim 5, for intentional and negligent infliction of emotional distress, is barred by California's litigation privilege, California Civil Code §47(b), and fails to state a claim upon which relief may be granted.

#### 1. California's Litigation Privilege

SRC asserts that Claim 5 is barred by California's litigation privilege, which is codified at California Civil Code § 47(b). "The litigation privilege grants absolute immunity from tort liability for communications made in relation to judicial proceedings." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 599 (9th Cir. 2010) (internal quotation marks and citation omitted). "'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the

8

objects of the litigation; and (4) that have some connection or logical relation to the action.'" *Id.* (quoting *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990)).

As discussed above, Lenk's claims against SRC arise from its conduct in defending its clients in prior litigation. Claim 5 therefore falls squarely within the litigation privilege. The motion to dismiss Claim 5 is GRANTED based on California's litigation privilege.

### 2. Failure to State a Claim

The elements of a claim for intentional infliction of emotional distress under California law are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (internal quotation marks and citation omitted). As SRC points out, Lenk has not alleged extreme and outrageous conduct that would give rise to liability for intentional infliction of emotional distress. The conduct described in the complaint constitutes ordinary litigation practice by a law firm representing its clients.

With respect to a claim for negligent infliction of emotional distress, California recognizes "two theories of recovery: the bystander theory and the direct victim' theory." *Fluharty v. Fluharty*, 59 Cal. App. 4th 484, 490 (1997), *as modified on denial of reh'g* (Dec. 16, 1997). Under the bystander theory, "a plaintiff seeks to recover damages as a percipient witness to the injury of another." *Id.* "In contrast, the label direct victim arose to distinguish cases in which damages for serious emotional distress are sought as a result of a breach of duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two." *Id.* at 491 (internal quotation marks and citation omitted). In direct victim cases, "well-settled principles of negligence are invoked to determine whether all elements of a cause of action, including duty, are present in a given case." *Id.* Lenk has not identified any duty that was breached by SRC's litigation of the prior actions Lenk brought against its clients.

The motion to dismiss Claim 5 is GRANTED for failure to state a claim.

### C. Leave to Amend

Having concluded that SRC has established that Lenk's claims are subject to dismissal, the Court must decide whether leave to amend is warranted. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

The Court finds no undue delay (factor 1). Lenk's insistence on reasserting claims based on his alleged constructive discharge in the face of two adverse judgments could be construed as bad faith (factor 2), but the Court is not prepared to deny leave to amend on that basis. This is the first motion to dismiss brought by SRC, so Lenk has not repeatedly failed to cure deficiencies in his pleading (factor 3).

However, forcing SRC to continue to litigate these meritless claims would impose undue prejudice on it (factor 4). Lenk's claims are so deficient and implausible that amendment would be futile (factor 5). There is no indication on this record that Lenk could cure the deficiencies of his complaint, including the bars raised by the *Noerr-Pennington* doctrine and the California litigation privilege.

Accordingly, the Court grants SRC's motion to dismiss WITHOUT LEAVE TO AMEND.

### IV. ORDER

(1) The June 4, 2020 hearing on SRC's motion to dismiss is VACATED;

(2) SRC's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND, and SRC is DISMISSED from this lawsuit;

(3) All defendants having been dismissed for failure to state a claim, this action is DISMISSED WITH PREJUDICE; and

(4) This order terminates ECF 66.

Dated: May 29, 2020

BETH LABSON FREEMAN
United States District Judge

10