UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LENK,<br><br>       Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS INCORPORATED; MAURICE SCIAMMAS; AND SACKS, RICKETTS, AND CASE LLP,<br><br>       Defendants. | Case No. 19-cv-03791-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59**<br><br>[Re: ECF 72] |

Before the Court is Plaintiff Kenneth Lenk's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 ("Rule 59 Motion"). *See* Rule 59 Motion, ECF 72. Two oppositions have been filed, one by Defendants Monolithic Power Systems, Inc. ("MPS") and Maurice Sciammas, and the other by Defendant Sacks, Rickets and Case LLP ("SRC"). *See* MPS Opp., ECF 77; SRC Opp., ECF 76. Plaintiff has filed a reply. *See* Reply, ECF 78. The Rule 59 Motion was not noticed for hearing, and the Court finds it suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

Lenk's Rule 59 Motion is DENIED for the reasons discussed below.

**I.     BACKGROUND**

This is the third lawsuit that Lenk has filed against his former employer, MPS. Judgment has been entered against Lenk in all three suits. The Court briefly summarizes the three lawsuits to place Lenk's current Rule 59 Motion in context.

*Lenk I*: In March 2015, Lenk sued MPS in the United States District Court for the Northern District of California ("*Lenk I*"), alleging wrongful constructive termination of his employment and related claims under federal and state law. *See Lenk v. Monolithic Power Systems, Inc.*, Case No. 15-cv-01148-NC. Following motion practice, that action was dismissed

and judgment was entered for MPS and against Lenk.  *See* Order Granting Motion to Dismiss the TAC, ECF 87 in *Lenk I*; Judgment, ECF 88 in *Lenk I*.

*Lenk II*:  In May 2016, Lenk filed a second suit against MPS in the United States District Court for the Northern District of California ("*Lenk II*"), again alleging wrongful constructive discharge.  *See Lenk v. Monolithic Power Systems, Inc.*, Case No. 16-cv-02625-BLF.  The second suit also named as a defendant Lenk's former supervisor, Maurice Sciammas.  *See id.*  Following motion practice, the undersigned judge dismissed the action and entered judgment in favor of MPS and Sciammas and against Lenk.  *See* Orders Adopting R&Rs, ECF 76 & 82 in *Lenk II*; Judgment, ECF 84 in *Lenk II*.  On appeal, the United States Court of Appeals for the Ninth Circuit affirmed the judgment.  *See Lenk v. Monolithic Power Sys., Inc.*, 754 F. App'x 554, 556 (9th Cir. 2018).

*Lenk III* (present case):  In March 2018, Lenk filed the present suit in the United States District Court for the District of Arizona ("*Lenk III*").  *See* Compl., ECF 1.  He once again sued MPS and Sciammas, and also added claims against SRC, the law firm that represented MPS and Sciammas in *Lenk I* and *Lenk II*.  *See id*.  The Arizona district court granted Defendants' motion to change venue and transferred the case to the Northern District of California.  *See* Order Granting Motion to Change Venue, ECF 22.  This Court denied a motion for leave to amend the complaint brought by Lenk and granted motions to dismiss brought by MPS, Sciammas, and SRC without leave to amend.  *See* Order Dismissing MPS & Sciammas, ECF 59; Order Dismissing SRC, ECF 68.  The Court entered judgment in favor of MPS, Sciammas, and SRC and against Lenk on May 29, 2020.  *See* Judgment, ECF 69.

On June 2, 2020, MPS and Sciammas filed a Motion for Prevailing Party Attorneys' Fees and Costs ("Fees and Costs Motion").  *See* Fees and Costs Motion, ECF 70.  That motion has been fully briefed and has been submitted for decision by the Court without oral argument.  *See* Order, ECF 74.

On June 25, 2020, Lenk timely filed the present Rule 59 Motion, seeking relief from the judgment entered in *Lenk III*.  *See* Rule 59 Motion.  Lenk asks the Court to vacate the judgment and allow him to file an amended complaint.  *See id.*  Briefing on the Rule 59 motion was completed on July 20, 2020.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has identified "four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks and citation omitted). Rule 59(e) relief "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *See Kona*, 229 F.3d at 890.

## III. DISCUSSION

In the introduction to his motion, Lenk observes that this Court denied his prior request for leave to amend his complaint, and states that he "reiterates this request in the interest of justice, as well as for consideration of new applicable and controlling law post-filing of his complaint." Rule 59 Motion at 1, ECF 72. "It is clear in the first instance that the judgment would have to be reopened, under Federal Rule of Civil Procedure 59(e), before the district court could entertain [Lenk's] motion to amend." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Lenk has not demonstrated that the judgment should be disturbed. His Rule 59 Motion is somewhat difficult to follow. The first part of the motion asserts that Defendants MPS and Sciammas have engaged in improper "harassment toward Plaintiff" and "retaliation" by seeking

3

1   attorneys' fees and costs. Lenk contends that this conduct constitutes new evidence supporting his
2   motion for relief from judgment. *See* Rule 59 Motion at 2-3, ECF 72. Lenk next argues that relief
3   is warranted based on manifest errors of law or fact, new federal law, and new California law.
4   Defendants argue that Lenk has not shown any basis for relief.

### A. New Evidence of Harassment and Retaliation

Lenk states that on May 18, 2020, he posted to LinkedIn, congratulating a former MPS colleague who was retiring. Rule 59 Motion at 2. On May 21, 2020, counsel for MPS and Sciammas emailed Lenk to meet and confer regarding their anticipated Fees and Costs Motion. *Id*. Lenk apparently infers from the timing of defense counsel's email – three days after Lenk's LinkedIn post – that the email was sent for the improper purposes of harassment and retaliation. *Id*. at 2-3. Lenk contends that this conduct should be considered as new evidence in support of his Rule 59 Motion. *Id*. at 3.

Lenk does not present any evidence suggesting that the email sent by defense counsel was motivated by Lenk's LinkedIn post or was sent for any improper purpose. Moreover, the attempt to meet and confer regarding the anticipated Fees and Costs Motion has no bearing on the legal deficiencies in Lenk's complaint that resulted in dismissal of his case. Lenk therefore has not shown any basis for relief based on communications regarding the Fees and Costs Motion.

### B. Manifest Errors of Law or Fact

Lenk argues that the Court erred in dismissing Claim 1 for retaliation in violation of Title VII. Lenk had alleged that he began to suffer adverse employment actions after filing suit against his former employer, Freescale Semiconductor. Specifically, Lenk asserted that MPS retaliated by constructively discharging him and defending against a lawsuit filed by Lenk. The Court determined that Lenk was collaterally estopped from asserting constructive discharge and that Defendants' ordinary conduct in defending a lawsuit filed by Lenk did not constitute adverse employment actions. *See* Order Dismissing MPS & Sciammas, at 13, ECF 59. Lenk argues that the Court's ruling failed to apply relevant law, including *Hashimoto v. Dalton*, 118 F.3d 671, 675 (9th Cir. 1997). The Court specifically discussed and distinguished *Hashimoto*, as well as the United States Supreme Court's decision in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67

1     (2006), before concluding that "nothing in *Burlingame*, *Hashimoto*, or any case cited by Lenk suggests
2     that Title VII may be stretched to cover conduct such as that alleged in the present case." *See* Order
3     Dismissing MPS & Sciammas at 12-13, ECF 59.  That Lenk disagrees with this Court's analysis does
4     not constitute a basis for relief from judgment.

5     Lenk also argues that the Court erred in dismissing Claim 2 for deprivation of civil rights
6     under 42 U.S.C. § 1981.  The Court determined that Lenk had not alleged that he is a member of a
7     racial minority or that he was subjected to discrimination on the basis of race, both requisite
8     elements of a § 1981 claim.  *See* Order Dismissing MPS & Sciammas at 15, ECF 59; Order
9     Dismissing SRC at 6-7, ECF 68.  Lenk now asserts that was subjected to discrimination within the
10    meaning of § 1981 even though he is a Caucasian male, because "MPS is 90% Chinese."  Rule 59
11    Motion at 7.  Lenk concedes that he did not allege those facts in his original complaint, stating that
12    although he pled that MPS has significant Chinese employees, he "was vague on the magnitude."
13    *Id.*  In fact, a word search of Lenk's complaint reveals a single use of the word "Chinese," in an
14    allegation that "Lenk is informed and thereby alleges that MPS employs several Chinese
15    employees under a HlB (or similar) visa program."  Compl. ¶ 16, ECF 1.  Lenk's proposed first
16    amended complaint, which the Court did not allow Lenk to file but which was considered as a
17    proffer of additional facts Lenk could allege if granted leave to amend his original complaint,
18    likewise did not allege that MPS is 90% Chinese as a factual basis for a § 1981 claim.  *See*
19    Proposed FAC, ECF 52.  Rule 59(e) is not the proper vehicle to present new arguments or
20    evidence that could have been presented to the Court prior to judgment.  *See Kona*, 229 F.3d at
21    890.

22    Lenk does not address the *Noerr-Pennington* doctrine, which provided and independent
23    basis for dismissal of his § 1981 claim against SRC.  *See* Order Dismissing SRC at 6-7, ECF 68.

24    Accordingly, Lenk has not demonstrated manifest error in the Court's dismissal of Claims
25    1 and 2.

26    **C.     New Federal Law**

27    Lenk next argues that relief from judgment is warranted in light of the United States
28    Supreme Court's recent decision *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731 (2020).  As

1   Defendants point out, *Bostock* held that an employer who fires an individual merely for being gay
2   or transgender violates Title VII.  Plaintiff has not alleged that he was fired for being gay or
3   transgender, nor has he explained how the holding of *Bostock* affects his claims.
4   Lenk has failed to demonstrate a basis for relief based on *Bostock*.

### D. New California Law

Finally, Lenk asserts that the Court erred in denying him leave to amend his complaint to add claims under California's Fair Employment and Housing Act (FEHA).  He references California Government Code §§ 12923 and 12940, asserting that § 12923 "is new controlling law for the harassment items listed in the complaint."  Rule 59 Motion at 9-12.  Setting aside for the moment Lenk's contention that these code sections constitute "new" law, Lenk never asked the Court for leave to amend to add FEHA claims.  His proposed first amended complaint did not contain claims under FEHA.  *See* Proposed FAC, ECF 52.

Accordingly, Lenk has not shown a basis for relief based on the Court's asserted denial of leave to add FEHA claims.

## IV. ORDER

Lenk's Rule 59 Motion is DENIED.

This order terminates ECF 72.

Dated: July 31, 2020

_____
BETH LABSON FREEMAN
United States District Judge