UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LENK,<br><br>    Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS INCORPORATED; MAURICE SCIAMMAS; AND SACKS, RICKETTS, AND CASE LLP,<br><br>    Defendants. | Case No. 19-cv-03791-BLF<br><br>**ORDER DENYING MOTION FOR PREVAILING PARTY ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF 70] |

Before the Court is a Motion for Prevailing Party Attorneys' Fees and Costs ("Attorneys' Fees Motion") filed by Defendants Monolithic Power Systems, Inc. ("MPS") and Maurice Sciammas ("Sciammas") (collectively, "Moving Parties"). *See* Attorneys' Fees Motion, ECF 70. Moving Parties seek attorneys' fees in the amount of $73,754.50 and non-taxable costs in the amount of $590.10 for a total award of attorneys' fees and costs in the amount of $74,344.60 against Plaintiff Kenneth Lenk ("Lenk"). *See id.* Briefing on the Attorneys' Fees Motion has been completed, and the Court has taken the motion under submission for decision without oral argument. *See* Order Vacating Hearing, ECF 74.

For the reasons discussed below, the Attorneys' Fees Motion is DENIED.

**I.  BACKGROUND**

This is the third lawsuit that Lenk has filed against his former employer, MPS. Judgment has been entered against Lenk in all three suits. The Court briefly summarizes the three lawsuits as follows.

***Lenk I***: In March 2015, Lenk sued MPS in the United States District Court for the Northern District of California ("*Lenk I*"), alleging wrongful constructive discharge from his employment and related claims under federal and state law. *See Lenk v. Monolithic Power Systems, Inc.*, Case No. 15-cv-01148-NC. Following motion practice, the action was dismissed and judgment was entered for MPS and against Lenk. *See* Order Granting Motion to Dismiss the TAC, ECF 87 in *Lenk I*; Judgment, ECF 88 in *Lenk I*.

***Lenk II***: In May 2016, Lenk filed a second suit against MPS in the United States District Court for the Northern District of California ("*Lenk II*"), again alleging wrongful constructive discharge. *See Lenk v. Monolithic Power Systems, Inc.*, Case No. 16-cv-02625-BLF. The second suit also named as a defendant Lenk's former supervisor, Sciammas. *See id.* Following motion practice, the undersigned judge dismissed the action and entered judgment in favor of MPS and Sciammas and against Lenk. *See* Orders Adopting R&Rs, ECF 76 & 82 in *Lenk II*; Judgment, ECF 84 in *Lenk II*. The United States Court of Appeals for the Ninth Circuit affirmed the judgment. *See Lenk v. Monolithic Power Sys., Inc.*, 754 F. App'x 554, 556 (9th Cir. 2018).

MPS filed a Motion for Prevailing Party Attorneys' Fees and Costs in this Court. *See* Attorneys' Fees Motion, ECF 86 in *Lenk II*. This Court declined to award fees and costs that MPS incurred defending *Lenk II* prior to judgment, but awarded fees and costs that MPS incurred litigating Lenk's three post-judgment motions. *See* Attorneys' Fees Order, ECF 124 in *Lenk II*. Lenk did not appeal this Court's award of attorneys' fees to MPS.

The Ninth Circuit denied MPS's motion for attorneys' fees incurred defending the appeal in *Lenk II*, concluding that the appeal "was not frivolous, unreasonable, or without foundation." *See* Ninth Circuit Order, ECF 133 in *Lenk II*.

***Lenk III* (present case)**: In March 2018, Lenk filed the present suit in the United States District Court for the District of Arizona ("*Lenk III*"). *See* Compl., ECF 1. He once again sued MPS and Sciammas, and also added claims against SRC, the law firm that represented MPS and Sciammas in *Lenk I* and *Lenk II*. *See id*. The Arizona district court granted Defendants' motion to change venue and transferred the case to the Northern District of California. *See* Order Granting Motion to Change Venue, ECF 22. This Court denied a motion for leave to amend the complaint

brought by Lenk and granted motions to dismiss brought by MPS, Sciammas, and SRC without leave to amend. *See* Order Dismissing MPS & Sciammas, ECF 59; Order Dismissing SRC, ECF 68. The Court entered judgment in favor of MPS, Sciammas, and SRC and against Lenk on May 29, 2020. *See* Judgment, ECF 69.

On June 2, 2020, MPS and Sciammas filed the present Attorneys' Fees Motion, seeking an award of attorneys' fees and costs in the amount of $74,344.60. *See* Attorneys' Fees Motion, ECF 70. The motion has been fully briefed and has been submitted for decision by the Court without oral argument. *See* Order Vacating Hearing, ECF 74.

On June 25, 2020, Lenk timely filed a Rule 59 Motion, seeking relief from the judgment entered in *Lenk III*. *See* Rule 59 Motion. That motion was denied on July 31, 2020. *See* Order Denying Rule 59 Motion, ECF 79.

## II. LEGAL STANDARD

"Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011). "Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'" *Id*. "But Congress has authorized courts to deviate from this background rule in certain types of cases by shifting fees from one party to another." *Id*.

Under Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C.A. § 2000e-5(k). Similarly, under 42 U.S.C. § 1988, the court may award "a reasonable attorney's fee" to "the prevailing party" in certain civil rights cases, including suits brought under 42 U.S.C. § 1981. 42 U.S.C. § 1988(b). Fee awards to prevailing defendants under Title VII and § 1988 are governed by the same legal standard, articulated by the Supreme Court in *Christiansburg*: "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978) (articulating standard for award of fees to Title VII defendant); *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 975-76 (9th Cir. 2011) (applying *Christiansburg* standard to award of fees to

3

civil rights defendant under § 1988). "[A]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999) (quotation marks and citation omitted).

"In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Harris*, 631 F.3d at 976 (quotation marks and citation omitted). "[O]nly fees attributable exclusively to plaintiff's frivolous claims" may be recovered by a defendant. *Id*. at 968 (quotation marks and citation omitted). "The *Christiansburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se." *Miller v. Los Angeles Cty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987). "[P]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Id*. "Thus, *Christiansburg* should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her claims." *Id*. However, "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant." *Id*. Evidence that the pro se plaintiff "brought his claims to federal court in bad faith" also would support an attorneys' fees award. *Id*.

### III. DISCUSSION

Moving Parties MPS and Sciammas contend that the Title VII and § 1981 claims asserted in this action were frivolous, unreasonable, and groundless at the time of filing. They seek attorneys' fees in the amount of $73,754.50 and non-taxable costs in the amount of $590.10 for a total award of attorneys' fees and costs in the amount of $74,344.60. In opposition, Lenk argues that Moving Parties' motion should be denied because he brought the present action in good faith and his claims were not frivolous.

The Court begins by addressing Lenk's assertion that he brought this action in good faith. As discussed above, a finding of subjective bad faith is not required for an attorneys' fees award, but such a finding would support a fees award. Having reviewed the record in this case, with particular attention to the content and tone of Lenk's filings, the Court finds no evidence of

4

subjective bad faith. Lenk appears sincere in his belief that MPS harassed and retaliated against him during and after his employment. In fact, Lenk asserts that MPS monitors his LinkedIn account and filed the present Attorneys' Fees Motion in retaliation for Lenk's recent LinkedIn post congratulating a former colleague on retiring from MPS. *See* Opp. at 1-3, ECF 75. He requests leave to amend his complaint to state claims based on MPS's alleged continued harassment. *See id.* at 1, 6. While the Court ultimately determined that Lenk's complaint lacked merit, and denied his Rule 59 motion to alter or amend the judgment, the Court finds no evidence in this record that Lenk acted with subjective bad faith in this case.

Moving Parties suggest that Lenk's bad faith can be inferred from the fact that he chose to file the present case in the United States District Court for the District of Arizona. Moving Parties characterize Lenk's conduct as forum shopping, speculating that Lenk filed his third action in Arizona because he lost his first and second actions in California. It is not clear why Lenk filed the present action in Arizona. The Court notes that Lenk apparently lives in Arizona, as he has provided what appears to be an Arizona residential address as his address of record in this case. Lenk asserts that MPS should have litigated this case in Arizona, and that MPS may be subject to Rule 11 sanctions for moving to transfer the case to California, thus increasing the time and expense invested by Lenk and the courts. *See* Opp. at 14, ECF 75. On this record, the Court cannot conclude that Lenk engaged in improper forum shopping when he filed this suit in Arizona.

Even absent subjective bad faith, a civil rights plaintiff may be required to pay the attorneys' fees and costs of a prevailing defendant if the "court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. There is no dispute that Moving Parties are prevailing defendants with respect to Lenk's Title VII and § 1981 claims. Those claims were dismissed on the merits and judgment was entered in favor of Moving Parties. *See* Order Dismissing MPS & Sciammas, ECF 59; Judgment, ECF 69. The Attorneys' Fees Motion therefore turns on whether Moving Parties have established that Lenk's Title VII and § 1981 claims were frivolous, unreasonable, or groundless within the meaning of *Christiansburg*. Because Lenk is a pro se plaintiff, the Court must apply the *Christiansburg* standard "with particular strictness," and must

5

1    take into account Lenk's "ability to recognize the merits of his . . . claims." *Miller*, 827 F.2d at
2    620.
3           Moving Parties argue that "[t]his court's prior ruling awarding fees in *Lenk II* should have
4    [ ] put Plaintiff on notice that his claims were meritless." Attorneys' Fees Motion at 9, ECF 70.
5    The Court disagrees. MPS's motion for attorneys' fees in *Lenk II* was denied in large part. *See*
6    Attorneys' Fees Order at 10, ECF 124 in *Lenk II*. The Court determined that Lenk reasonably
7    could have believed that he had an adequate basis in law and fact to pursue his claims. *See id.* at
8    10. Lenk's conduct became unreasonable only when he filed three post-judgment motions
9    attempting to relitigate issues the Court already had decided. *See id.* at 11-12. Accordingly, the
10   Court denied MPS's request for attorneys' fees incurred in litigating *Lenk II* prior to judgment, but
11   it granted attorneys' fees that MPS incurred litigating the post-judgment motions. *See id.* That the
12   Court awarded attorneys' fees based on repetitive post-judgment motions in *Lenk II* would not
13   have put Lenk on notice that his claims in *Lenk III* were frivolous.
14          Moving Parties argue that "[a]t the time Plaintiff filed *Lenk III*, it was readily apparent that
15   Lenk's claims relating to alleged constructive discharge were barred by *res judicata*." Attorneys'
16   Fees Motion at 9, ECF 70. In opposing Moving Parties' motion to dismiss the *Lenk III* complaint,
17   Lenk asserted that the *res judicata* argument failed to address "the main issues of the complaint,
18   which remain the continued discrimination and other improper treatment" that occurred post-
19   discharge and post-filing of *Lenk II*. Opp. to MTD at 4, ECF 54. Given Lenk's view of his
20   claims, he reasonably could have believed that the *res judicata* bar did not apply. And in fact, the
21   Court denied Moving Parties' motion to dismiss the *Lenk III* complaint on *res judicata* grounds.
22   *See* Order Dismissing MPS & Sciammas at 9-11, ECF 59. The Court pointed out that the Title
23   VII claim asserted in *Lenk III* was based in part on Defendants' post-discharge conduct that was
24   not, and could not have been, litigated in *Lenk I* or *Lenk II*. *Id.*
25          To the extent Lenk's claims in *Lenk III* were based on post-discharge conduct, Moving
26   Parties argue that the claims were "so absurd and untenable" as to be frivolous. Attorneys' Fees
27   Motion at 9, ECF 70. While the Court ultimately concluded that Lenk could not state a viable
28   claim based on the alleged post-discharge conduct, the Court engaged in several pages of analysis

6

before reaching that conclusion. *See* Order Dismissing MPS & Sciammas, ECF 59. The Court acknowledged that the scope of Title VII's anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm, and discussed applicable Supreme Court and Ninth Circuit cases in some depth. *See id.* at 12-14. This Court explained why cases in which post-discharge conduct did give rise to Title VII liability were distinguishable from the facts of Lenk's case. *See id.* Given the complexity of the issue, the Court finds that Lenk likely was unable to make those factual distinctions on his own, and that he reasonably could have believed his Title VII claim was meritorious. That a pro se litigant's "complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Id.* The Court therefore finds that Lenk's Title VII claim was not frivolous, unreasonable, or groundless within the meaning of *Christiansburg*.

Moving Parties argue that the Court should award fees for the portion of the Title VII claim based on constructive discharge, because that portion of the claim clearly was barred by *res judicata* and collateral estoppel. The Ninth Circuit has held that where both frivolous and non-frivolous claims are asserted in the same complaint, the district court may award attorneys' fees incurred in defending the frivolous claims. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006). The frivolous and non-frivolous claims must be "sufficiently distinct" for the district court to "properly to weigh and assess the amount of fees attributable to" the frivolous claims. *Id.* In the present case, Lenk asserted a single Title VII claim based on a course of conduct that, in Lenk's view began during his employment and extended through his discharge and beyond. As discussed above, Lenk intended the Title VII claim to be grounded primarily in Defendants' alleged post-discharge conduct. Under these circumstances, the Court declines to find that Lenk asserted a Title VII claim based on constructive discharge that is "sufficiently distinct" from the remainder of his Title VII claim to warrant an award of attorneys' fees based on the constructive discharge allegations.

Although Moving Parties identify § 1981 as a source for an award of attorneys' fees, they

do not make any arguments specific to the § 1981 claim apart from those discussed above.

Having considered the briefing on the present Attorneys' Fees Motion, the applicable legal authorities, and the record as a whole, the Court finds that this case does not present exceptional circumstances warranting an award of attorneys' fees and costs against Lenk.

## IV. ORDER

The Motion for Prevailing Party Attorneys' Fees and Costs is DENIED.

This order terminates ECF 70.

Dated: August 12, 2020

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge